IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action File No. 5: 03 CV 161

| | |
|---|---|
| MARY ANN FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| TOWN OF MOORESVILLE, a body ) | **Jury Trial Demanded** |
| politic and corporate; BRIAN ANDERSON, ) | |
| individually and in his official capacity ) | |
| as an officer of the Mooresville Police ) | |
| Department; JOHN CRONE, individually ) | |
| and in his official capacity as Chief of ) | |
| of Police of the Town of Mooresville; JOHN ) | |
| DOE and RICHARD ROE, individually and ) | |
| In their official capacity as officers of the ) | |
| Mooresville Police Department, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, for her claims for relief against the Defendants, alleges:

## I. NATURE OF THE ACTION

1. This is a civil action seeking compensatory and punitive damages pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the deprivation of the Plaintiff's civil rights by Defendants, and specifically Plaintiff's rights to personal security and to freedom from unlawful seizure of his person, to freedom from unlawful assault and battery and the application of excessive force, and to due process of law.

2. This action also presents claims under the laws of North Carolina for assault and battery and intentional infliction of emotional distress.

## II. JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1343. As to Plaintiff's state law claims, jurisdiction is predicated upon the principle of pendent jurisdiction.

4. The action complained of by Plaintiff occurred in the Western District of the State of North Carolina and within Iredell County, North Carolina, and Plaintiff is informed and believes that all of the named Defendants reside and maintain their offices in said district, county and state.

## III. PARTIES

5. Plaintiff is a citizen of the United States of the State of North Carolina, and resides in Iredell County, North Carolina.

6. Defendant, Town of Mooresville, is a municipal corporation and is a "city" as defined by N.C. General Statute § 160A-1(2). Said Defendant maintains and administers a police department known as the Mooresville Police Department, over which it exercises supervisory responsibility.

7. Defendant, Crone, is the Chief of Police of the Town of Mooresville and in that capacity he is charged with making and enforcing policies and procedures for the Town of Mooresville with respect to law enforcement and for supervision of the customs and practices of the Town's police officers. Such policies and procedures and practices include, but are not limited to, the training and supervising of police officers of the town and investigation, or supervision of investigation, of citizen complaints of policemen's conduct. He is sued both individually and in his official capacity.

8. Defendants, Joe Doe and Richard Roe, were, at all times relevant to this action, police officers of the Town of Mooresville Police Department and assisted in the arrest of the Plaintiff. They are sued individually and in their official capacities. The true names of said Defendants are unknown to the Plaintiff, but are expected to be learned through discovery.

9. At all times relevant to this action, Defendants, Anderson and Crone, were employed as police officers of the Town of Mooresville, Iredell County, North Carolina. They are sued both individually and in their official capacities.

10. Each natural person Defendant is, Plaintiff is informed and believes, or was at the times relevant to this Complaint, a citizen and resident of Iredell County, North Carolina.

11. The Defendants are "persons" within the meaning of Civil Rights Act of 1872, 42 U.S.C. § 1983, and each has the capacity to be sued for the claims presented in this action.

12. Upon information and belief, Defendants are protected by one or more policies of liability insurance purchased pursuant to N.C. Gen. Stat. § 160A-485 or other applicable state law with respect to all acts and omissions complained of herein, or participate in a government risk pool pursuant to Article 23 of Chapter 58 of the North Carolina General Statutes, and to such extent, Defendants have waived any official, sovereign or governmental immunity to which they might otherwise be entitled in their official capacities. To the extent that may be required by law, Plaintiff hereby waives his right to a jury trial on all issues of law or fact relating to insurance coverage.

## IV. FACTS

13. Prior to the events related herein, in 1999 the Plaintiff underwent surgery to her lower spine and was at the time of the events related hereinafter suffering from various restrictions upon her physical activities as a result of her spinal condition.

14. On the evening of December 8, 2000, Plaintiff's husband became intoxicated, and in the Plaintiff's home the Plaintiff's husband became verbally abusive and threatening towards the Plaintiff and attempted, unsuccessfully, to injure the Plaintiff by throwing a household article at her. Plaintiff thereupon fled to a neighbor's house, and from that house called "911" for law enforcement assistance to protect her from her husband. Shortly thereafter, on or about the early morning hours of December 9, 2000, approximately four Mooresville Police Officers appeared on or about the Plaintiff's driveway, including Defendants, Anderson, Doe and Roe. Additionally, approximately two Iredell Sheriff Deputies and one North Carolina State Highway Patrol Officer arrived at the scene. Plaintiff at the time assumed that all of the various law enforcement officers arrived at Plaintiff's residence in response to Plaintiff's "911" call concerning domestic abuse.

15. One of the Iredell County Sheriff's Deputies announced that he had a warrant for the Plaintiff's arrest, at that moment Plaintiff was standing outside of her residence, with various law enforcement officers scattered about her and she was facing an Iredell County Sheriff Deputy with her hands in front of her. Plaintiff was unarmed and made no offer of violence or any other threat to any of the law enforcement officers that were present. Without warning, Defendant, Anderson, with great force, pushed, struck or shoved Plaintiff from behind, impacting Plaintiff's body along her back, forcing Plaintiff

4

to fall to the ground and striking the ground, primarily with her right shoulder. Defendant, Anderson, then immediately bore his weight on the back of Plaintiff while she was on the ground, facing downward, and attempted to violently pull both of her arms behind her in an effort to handcuff Plaintiff. One of the other law enforcement officers that were present yelled to Defendant, Anderson, to "handcuff her in front". Defendant, Anderson, ignored that instruction. Plaintiff was in considerable pain, particularly from her surgical site, and was experiencing extreme pain in her right shoulder, as her right arm was being pulled behind her by Defendant, Anderson. Immediately thereafter, one of the Plaintiff's sons and one of the Plaintiff's neighbors yelled to Defendant Anderson that Plaintiff has back problems and to get off of her back. At about the same time, Defendants Doe and Roe assisted Defendant, Anderson, in his attempts to handcuff Plaintiff behind her back by also forcing the Plaintiff's body onto the ground and pulling her arms behind her with great force. The Defendants Anderson, Doe and Roe were variously upon Plaintiff's legs, torso and head.

16. Plaintiff was thereafter served with a warrant for her arrest upon charges of communicating threats (reference Iredell County Superior Court file No. 00CR15497). That criminal prosecution was voluntarily dismissed on or about January 22, 2001.

17. As a direct, proximate and foreseeable result of the acts and conduct of the Defendants, Anderson, Doe and Roe, the Plaintiff sustained a torn right rotator cuff (shoulder) requiring extensive treatment and surgery, sustained an exacerbation and re-injury of her pre-existing spinal condition, and sustained additional debilitating spinal injuries, and the Plaintiff has sustained emotional and psychiatric injuries for which she has received extensive treatment. The Plaintiff has incurred substantial medical

5

(including psychiatric and psychological) expenses in treatment of the various injuries which she has received at the hands of the Defendants, Anderson, Doe and Roe, and believes she will continue both to suffer from those injuries and be required to expend substantial future medical expenses in treatment of those injuries indefinitely, if not permanently.

18. Defendants employed excessive and unreasonable force in carrying out the arrest of the Plaintiff.

19. Following the events of December 9, 2000, Plaintiff contacted the Defendant, Crone, and complained of the excessive and unreasonable force employed by members of the Mooresville Police Department, in particularly the conduct of Defendant, Anderson. Defendant, Crone, indicated to Plaintiff that he would have his department investigate the matter to determine the validity of Plaintiff's complaints. Defendant, Crone, has not to date reported to Plaintiff the results of that investigation. Upon information and belief, Defendant, Crone, did not conduct a thorough investigation as promised.

20. Upon information and belief, neither Defendant, Anderson, nor Defendants, Doe and Roe, were ever reprimanded, rebuked or otherwise disciplined by Defendant, Crone, or the Mooresville Police Department for their use of unreasonable excessive force against Plaintiff. Upon information and belief, Defendant, Crone, failed to effectively to discipline the Defendant, Anderson, or Defendants, Doe or Roe, or to take other reasonable actions to prevent such abuse of those Defendants' authority (as police officers) in the future. As Plaintiff is unaware of the true identities of Defendants, Doe and Roe, Plaintiff is unable to determine whether either of those Defendants are still members of the Mooresville Police Department but Defendant, Anderson, is still, and has

continuously since the date of these events been a Mooresville police officer. By his actions, Defendant, Crone, acting in his capacity as Chief of Police for the Defendant, The Town of Mooresville, ratified and approved of the conduct of the Defendants, Anderson, Doe and Roe.

## V. FIRST CLAIM FOR RELIEF
### Violation of Federal Constitutional Rights

21. The allegations of the preceding paragraphs of the Complaint are each incorporated herein by reference.

22. The arrest of Plaintiff by Defendants, Anderson, Doe and Roe, was effected with excessive and unreasonable force in their conduct towards Plaintiff.

23. The Defendants' actions violated Plaintiff's civil and constitutional rights protected by the Fifth and Fourteenth Amendments to the United States Constitution, including Plaintiff's right to personal security, to freedom from unlawful and unreasonable seizure and the search of her person, to freedom from assault, battery, and the application of excessive force, and to due process of law.

24. Upon information and belief, by his conduct, both individually and as chief law enforcement officer of the Defendant, Town of Mooresville, Defendant, Crone, ratified, condoned, and approved of the unlawful conduct of Defendants, Anderson, Doe and Roe, and thereby also violated the constitutional rights of Plaintiff enumerated above.

25. The acts and omissions of the Defendants in depriving Plaintiff of her rights secured by the Constitution and laws of the United States were taken under color of state law, statute, ordinance, regulation, custom, or usage, and the individual Defendants were at all times acting within the scope of their employment with Police Department of the

7

Defendant, Town of Mooresville. While the acts and omissions of the Defendant were carried out under color of state law, they had no justification or excuse in law, but instead were illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or insuring civil order. In addition, the actions of the Defendants were undertaken with malice and ill-will against the Plaintiff, in gross violation of their rights and duties as officers.

26. At all times material relevant to this Complaint, Defendants, Crone and the Town of Mooresville (through its policymaking official, Defendant, Crone) were responsible for the formulation and execution of policies, practices, and customs that were a direct and proximate cause of the unconstitutional deprivation of Plaintiff's freedom and the other violations of her civil and constitutional rights alleged herein.

27. These policies, practices, and customs included, *inter alia*, (a) the failure to properly to supervise, discipline, or otherwise control law enforcement officers who engage in arrest with the excessive use of force; (b) the failure to properly train law enforcement officers in safe and lawful methods of arrest without the use of excessive force; (c) the failure to properly train law enforcement officers in the appropriate response to complaints of mere verbal altercations; (d) the approval, tacitly or explicitly, of the policy of utilizing excessive and unreasonable force as to arrests.

28. Upon information and belief, the policies alleged in the preceding paragraph were the moving force for the actions of Defendants, Anderson, Doe and Roe, alleged herein, and the deprivation of Plaintiff's constitutional rights directly resulted from said policies.

8

29. Upon information and belief, the actions of Defendants, Anderson, Doe and Roe, were authorized by and were consistent with the institutionalized, persistent, and deliberate practices of the Police Department of the Town of Mooresville, which were enacted by, known to and ratified by Defendant, Crone, Chief of Police of the Town of Mooresville, and by the Town of Mooresville, and were so well settled as to constitute custom that may fairly be said to represent official town policy. Such official policies allow policies allow the unlawful and unconstitutional use of excessive and unreasonable force by officers of the Police Department of the Town of Mooresville.

30. Each of the Defendants, at all times relevant to this action, had the power and the duty to restrain the other Defendant and prevent him from violating the law and the rights of Plaintiff; but each of the Defendants failed and refused to perform that duty and thereby became a party to the deprivation of Plaintiff's civil and constitutional rights.

31. As a proximate result of the violation of Plaintiff's civil rights alleged herein, Plaintiff suffered physical assault and battery at the hands of the Defendants and emotional abuse and has sustained physical and emotional distress, and has suffered embarrassment, humiliation, and other injuries and has incurred substantial medical expenses in treatment of those various injuries.

32. Because of the aggravating factors that the Defendants' action were undertaken with malice and that their conduct was willful and wanton, Plaintiff is entitled to recover punitive damages from the Defendants in their individual capacities in an amount to be determined by the trier of fact in accordance with applicable law.

## VI. SECOND CLAIM FOR RELIEF
### Intentional Infliction of Mental Stress

33. The allegations of the preceding paragraphs of the Complaint are each incorporated herein by reference.

34. The aforesaid conduct by each of the Defendants constitutes extreme and outrageous conduct indicating a reckless indifference to the likelihood that such conduct would cause severe emotional distress.

35. Defendants' conduct in fact caused severe emotional and mental distress to the Plaintiff.

36. In the alternative to prior allegations, the Defendants, Doe and Roe, intended, by their excessive use of force, to embarrass, humiliate, and cause the Plaintiff severe emotional and mental stress.

37. As a proximate, foreseeable and direct result of said Defendants' conduct, Plaintiff has suffered severe emotional harm, mental distress, embarrassment, humiliation, and pain and suffering, and has received psychiatric treatment for those injuries at great expense to the Plaintiff.

38. By their condonation of the acts and conduct of the Defendants, Anderson, Doe and Roe, the Defendant, Crone, and the Defendant, Town of Mooresville, jointly and severally are liable to the Plaintiff for the intentional infliction of mental stress upon the Plaintiff as set forth herein for both compensatory, as to the individual Defendants, in their individual capacities, punitive damages.

## VII. THIRD CLAIM FOR RELIEF
### Assault and Battery

39. The allegation of the preceding paragraphs of the Complaint are each incorporated herein by reference.

40. The actions of the Defendants Anderson, Doe, and Roe in pushing, shoving, sitting upon and pulling Plaintiff's hands behind her back, without her consent, constituted an assault and battery upon the Plaintiff, without just cause, legal provocation, or excuse, in violation of the common law of North Carolina. Such actions are imputed to Defendants, Crone and the Town of Mooresville under the doctrine of *respondeat superior* and because of Defendants' ratification and condonation of such unlawful conduct.

41. As a direct and proximate and foreseeable result of Defendants' tortuous conduct, Plaintiff has suffered the injuries as variously alleged in this Complaint and is entitled to recover compensatory damages from the Defendants, as well as the assessment of punitive damages against the individual Defendants in their individual capacities.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff prays the court:

1. For judgment against the Defendants in such sum as the trier of fact may determine to be appropriate as compensatory damages for the violation of Plaintiff's civil and constitutional rights and Defendants' tortuous conduct as alleged herein;

2. For judgment against Defendants, Anderson, Doe, Roe and Crone, in their individual capacities in such sum as a jury shall determine as punitive damages for

the violation of Plaintiff's civil and constitutional rights and Defendants' tortuous conduct as alleged herein;

3. For a declaration that the Defendants' actions complained of herein were unlawful and in violation of Plaintiff's civil and constitutional rights;

4. For recovery of Plaintiff's costs herein, including an award of attorney's fees pursuant to 42 U.S.C. § 1988 as to Plaintiff's First Claim for Relief; and

5. For such other relief to which Plaintiff may be entitled.

6. Trial by jury is hereby demanded as to all issues so triable.

This the 8th day of December, 2003.

Winfred R. Ervin, Jr.
North Carolina Bar Number 7105
Attorney for Plaintiff
128-A N. McDowell Street
Charlotte, NC 28204
(704) 376-1905